# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JAY GRAY, | 1:07-cv-01426 AWI DLB (HC) |
|                 Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
|    v. | |
| | [Doc. 6] |
| MIKE EVANS, | |
|                Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner pled guilty to perjury and forging instruments to file. (Cal. Penal Code §§ 18 & 115(a).)  On January 16, 2003, Petitioner was sentenced to a determinate state prison term of 9 years and 4 months.  (Lodged Doc. No. 1.)  Petitioner did not appeal his sentence.

Petitioner subsequently filed eleven pro se post-conviction collateral petitions.  The first petition was filed on March 6, 2003 in the Kings County Superior Court.  (Lodged Doc. No. 2.) The petition was denied on March 7, 2003.  (Lodged Doc. No. 3.)

The second petition for writ of habeas corpus was filed in the Kings County Superior Court on June 16, 2003, and was denied on July 2, 2003.  (Lodged Doc. Nos. 4, 5.)

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.  (Court Docs. 1, 6.)

1    The third petition for writ of habeas corpus was filed in the Kings County Superior Court

2    on March 15, 2004, and was denied on March 17, 2004.  (Lodged Doc. Nos. 6, 7.)

3    The fourth petition for writ of habeas corpus was filed in the California Court of Appeal,

4    Fifth Appellate District on March 23, 2005.  (Lodged Doc. 8.)  The petition was denied on June

5    8, 2005.  (Lodged Doc. No. 9.)

6    The fifth petition for writ of habeas corpus was filed in the California Court of Appeal,

7    Fifth Appellate District on August 11, 2005, and was denied on August 18, 2005.  (Lodged Doc.

8    Nos. 10, 11.)

9    The sixth petition for writ of habeas corpus was filed in the California Supreme Court on

10   October 24, 2005.  (Lodged Doc. No. 12.)  The petition was denied on July 26, 2006.  (Lodged

11   Doc. No. 13.)

12   The seventh petition for writ of habeas corpus was filed in the Kings County Superior

13   Court on November 22, 2005.  (Lodged Doc. No. 14.)  The petition was denied on June 8, 2006.

14   (Lodged Doc. No. 15.)

15   The eighth petition for writ of habeas corpus was filed in the California Court of Appeal,

16   Fifth Appellate District on June 22, 2006, and was denied on July 13, 2006.  (Lodged Doc. Nos.

17   16, 17.)

18   The ninth petition for writ of habeas corpus was filed on February 16, 2007, in the Kings

19   County Superior Court.  (Lodged Doc. No. 18.)  The petition was denied on March 14, 2007.

20   (Lodged Doc. No. 19.)

21   The tenth petition for writ of habeas corpus was filed in the California Court of Appeal,

22   Fifth Appellate District on March 26, 2007.  (Lodged Doc. No. 20.)  The petition was denied on

23   April 5, 2007.  (Lodged Doc. No. 21.)

24   The last petition for writ of habeas corpus was filed on April 27, 2007, in the California

25   Supreme Court, and denied on September 19, 2007.  (Lodged Doc. Nos. 22, 23.)

26   Petitioner filed the instant federal petition for writ of habeas corpus on September 28,

27   2007.

28   On December 11, 2007, Respondent filed the instant motion to dismiss on the basis that

1    the petition was filed in violation of 28 U.S.C. § 2244(d).  (Court Doc. 6.)  Petitioner filed an

2    opposition on January 15, 2008.  (Court Doc. 7.)

3                                    DISCUSSION

4    A.    Procedural Grounds for Motion to Dismiss

5           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

6    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

7    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

8           The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

9    if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

10   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

11   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

12   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

13   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

14   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

15   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

16   Supp. at 1194 & n. 12.

17          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

18   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

19   to dismiss pursuant to its authority under Rule 4.

20   B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

21          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

22   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

23   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

24   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

25   S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the

26   provisions of the AEDPA.

27          The AEDPA imposes a one year period of limitation on petitioners seeking to file a

28   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

                                          3

subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner was sentenced on January 16, 2003, and he did not file a direct appeal.  Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999).  Accordingly, Petitioner's conviction became final sixty days thereafter when the time for filing a direct appeal expired, i.e. March 17, 2003.  Petitioner would have one year from March 18, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court

1    rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

2    1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

3    Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the

4    limitations period during the time a petitioner is preparing his petition to file at the next appellate

5    level reinforces the need to present all claims to the state courts first and will prevent the

6    premature filing of federal petitions out of concern that the limitation period will end before all

7    claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,

8    will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan

9    v. Walker, 533 U.S. 167 (2001).

10        1.  No Tolling During Period First Petition

11        As just explained, the statute of limitations commenced running on March 18, 2003.  At

12   the time the first petition was filed and denied on March 7, 2003, the limitations period had not

13   yet commenced running, as it was filed eleven days prior.  (Lodged Doc. Nos. 2, 3.)  A collateral

14   action filed prior to the effective date of the statute of limitations has no tolling consequence.

15   Hill v. Keane, 948 F.Supp. 157, 159 (E.D.N.Y. 1997).

16        2.  Tolling During Period Second Petition Pended

17        Respondent does not dispute that the second petition was properly filed, and Petitioner is

18   entitled to tolling for the pendency of his second petition.  Accordingly, Petitioner is entitled to

19   tolling for the period of June 9, 2003 (second petition filed under the mailbox rule[1]) through July

20   2, 2003 (second petition denied).  (Lodged Doc. Nos. 4, 5.)  See Pace v. DiGuglielmo, 544 U.S.

21   408 (2005) (the limitations period is tolled while "a properly filed application for state post-

22

23        [2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
24   habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order
     denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
25   Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by
     way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

26        [1] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266
27   (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for
     forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282,
28   1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to
     state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

1   conviction or other collateral review with respect to the pertinent judgment or claim is pending").

2          3.   No Tolling for Period Between Denial of Second Petition and Filing of Third Petition

3          With the benefit of the mailbox rule, the second state post-conviction petition was filed

4   in the Kings County Superior Court on June 9, 2003, and was denied on July 2, 2003.  (Lodged

5   Doc. Nos. 4, 5.)  Although Petitioner gets the benefit of statutory tolling while the petition was

6   pending in the Superior Court (June 9, 2003 to July 2, 2003), Petitioner does not get the benefit

7   of interval tolling for the period of time between the denial of the second petition and the filing

8   of the third petition under the continuous pending rationale of Nino v. Galaza, 183 F.3d 1003 (9th

9   Cir. 1999).  In Nino, the Ninth Circuit found that the statute of limitations is tolled for exhaustion

10  of state court remedies during intervals between the dispositions of state collateral actions and

11  the filing of a subsequent collateral action at the *next* state appellate level.  Id. at 1006-1007; see

12  also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  Because the third petition was again

13  brought before the Kings County Superior Court, Petitioner was not proceeding in an orderly

14  fashion and his petition was successive.  Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.

15  2001) (declined to apply the Nino standard of tolling to successive superior court petitions); see

16  also Dils v. Small, 260 F.3d at 986 (no tolling between successive petitions).

17         4.   Tolling During Period Third Petition was Pending in State Court

18         Respondent concedes that the third petition was properly filed, and Petitioner is entitled

19  to tolling for the pendency of this petition.  Accordingly, Petitioner is entitled to tolling for the

20  period of March 12, 2004 (date third petition filed under the mailbox rule) through March 17,

21  2004 (date third petition denied).  (Lodged Doc. Nos. 6, 7.)  See Pace v. DiGuglielmo, 544 U.S.

22  408 (2005) (the limitations period is tolled while "a properly filed application for state post-

23  conviction or other collateral review with respect to the pertinent judgment or claim is pending").

24  D.     Expiration of the Limitations Period

25         Giving Petitioner the benefit of the 30 days of tolling for the second and third state habeas

26  petitions, the statute of limitations which commenced on March 18, 2003, expired on April 16,

27  2004.  Because Petitioner did not file the instant federal petition until September 28, 2007, it is

28  time barred under § 2244(d).

1  Because Petitioner's fourth through eleventh collateral petitions were filed after the

2  statute of limitations expired (fourth petition filed on March 23, 2005), they have no tolling

3  effect.  Once the statute of limitations has expired, a collateral action cannot revive it.  Jiminez v.

4  Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)

5  (Petitioner is not entitled to tolling where the limitations period has already run); see also

6  Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.

7  Cal.2002).

8  E.    Equitable Tolling

9       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

10 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

11 stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

12 of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

13 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

14 denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

15 tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

16 Enters., 5 F.3d 391, 395 (9th Cir.1993).

17      Petitioner has not raised no argument as to how or why the limitations period should be

18 equitably tolling.

19                                    RECOMMENDATION

20      Based on the foregoing, it is HEREBY RECOMMENDED that:

21      1.  Respondent's motion to dismiss the instant petition as time barred under 28 U.S.C. §

22          2244(d) be GRANTED; and,

23      2.  The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

24      This Findings and Recommendation is submitted to the assigned United States District

25 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

26 the Local Rules of Practice for the United States District Court, Eastern District of California.

27 Within thirty (30) days after being served with a copy, any party may file written objections with

28 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

                                              7

Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 25, 2008**                    **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE